## IN RE ISAAC F. WARING.

*Compensation of administrator de bonis non.*

Where an administrator has charged the statutory allowance of six per cent., on the first thousand dollars collected by him, and four per cent., on the next four thousand, an administrator *de bonis non*, who succeeds him, can only charge the percentage his predecessor could have charged upon money subsequently collected, viz., two per cent.

*Decided December* 16, 1887.

THE facts are stated in the opinion.

*Noyes & Fitzgerald,* for administrator.
*James T. Demar, contra.*

GOEBEL, J.

This cause is submitted to me upon exceptions to two accounts. The principal exceptions are to attorneys' fees, allowance for extraordinary services to the administrator, and statutory allowance to the administrator *de bonis non.*

Upon full consideration I do not think that the attorneys' fees or the allowance for extraordinary ser-

vices made to the administrator are excessive.    The exceptions to these items will be overruled.

The administrator *de bonis non*, in his account filed, charges himself with the amount received from the administrator of the former administrator of this estate, and in addition thereto the account shows that he collected about nine hundred dollars.    Upon these amounts he has charged the statutory allowance, namely, six per cent. on the first thousand, and four per cent. upon the next four thousand.    This he is clearly not entitled to.    Where an administrator has once charged the statutory allowance and is succeeded by an administrator *de bonis non*, such administrator *de bonis non* is not entitled to again charge upon an amount which had already been subjected to a charge, six per cent. upon the first thousand, four per cent. upon the next four thousand, and two per cent., upon any balance ; but may charge the percentage that the preceding administrator may or could have charged upon money subsequently collected.

To this extent the exception will be sustained, and the administrator *de bonis non* will be entitled to charge two per cent. upon the money which came into his hands since the death of the former administrator.

I am reminded by counsel that section 6188 of the Revised Statutes makes no distinction between an administrator and an administrator *de bonis non* in

fixing their statutory compensation. It is true that the statute does not say an administrator *de bonis non* shall or shall not receive the percentage. The statute, however, says that six per cent. shall be allowed upon the first thousand, four per cent. upon the next four, and two per cent. upon the balance. That clearly means it shall be once allowed, and not allowed to every succeeding administrator, for otherwise you are subjecting an estate to two or more commissions, depending altogether upon the number of persons called upon to administer, and thereby permitting a greater percentage to be paid than the law would have authorized had there been but one administrator. In contemplation of law there is but one estate, although there may be more than one administrator. In this case the administrator *de bonis non* received a large amount from the former administrator, upon which had been charged the statutory commissions. While there is a responsibility in receiving and paying this money by the administrator *de bonis non*, for which the court may make an allowance, I am clearly of the opinion that the statutory commissions can not be again charged upon this amount.